UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Susan Hubbard,

                Plaintiff,                              19 Civ. 282 (AEK)

    -against-                                **OPINION AND ORDER**

Commissioner of Social Security,

                Defendant.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

On January 10, 2019, Plaintiff Susan Hubbard brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner"), which denied her application for disability insurance benefits under the Social Security Act. ECF No. 1. The parties filed cross-motions for judgment on the pleadings on September 27, 2019 (plaintiff) and October 21, 2019 (defendant). ECF Nos. 19, 21.

In her motion for judgment on the pleadings, Plaintiff argued that her case should be remanded on the ground that the administrative law judge ("ALJ") from the Social Security Administration ("SSA") who conducted the hearing and issued the underlying agency decision at issue in this case was not properly appointed in accordance with the Appointments Clause of the U.S. Constitution. ECF No. 20 (Plaintiff's memorandum of law) at 12-15. The Appointments Clause challenge was based on the Supreme Court's June 21, 2018 decision in Lucia v. SEC, 138 S. Ct. 2044 (2018), which held that ALJs within the Securities and Exchange Commission had

---

[1] The parties originally consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith on May 9, 2019. ECF No. 11. The case was reassigned to the undersigned on October 15, 2020.

been unconstitutionally appointed because ALJs were "Officers of the United States," rather than simply employees of the federal government, and under the Appointments Clause, only the President, courts of law, or heads of departments may appoint such officers. Art. II, § 2, cl. 2; Lucia, 138 S. Ct. at 2051-54. Because "[o]ther staff members, rather than the Commission proper, selected" the SEC ALJs, the Lucia Court determined that those selections violated the Appointments Clause. Lucia, 138 S. Ct. at 2051-54.

The Commissioner's cross motion for judgment on the pleadings asserted that Plaintiff had waived any Appointments Clause challenge to the selection of SSA ALJs because she did not raise this objection when her case was pending before the SSA. ECF No. 22 (Commissioner's memorandum of law) at 19-25. In his motion papers, the Commissioner stated that "[f]or purposes of this brief, Defendant does not argue that SSA ALJs are employees rather than inferior officers." Id. at 19 n.4.[2] Rather, the Commissioner's arguments focused exclusively on the undisputed fact that Plaintiff had not raised the Appointments Clause issue at all during the administrative proceedings but instead raised it for the first time in federal court.

On December 31, 2020, the Commissioner submitted a letter, informing the Court that the Supreme Court had granted petitions for writs of certiorari in Carr v. Saul and Davis v. Saul, which raised the issue of whether Appointments Clause challenges to SSA ALJs are subject to an issue-exhaustion requirement during administrative proceedings. ECF No. 24. The

---

[2] As acknowledged by the Commissioner, on July 16, 2018, shortly after Lucia was decided, the Acting Commissioner of the SSA attempted to "address any Appointments Clause questions involving Social Security claims" by "ratif[ying] the appointments" of all SSA ALJs and "approv[ing] those appointments as her own." See 84 Fed. Reg. 9583 (2019). It is clear from the administrative record filed in this case that the underlying ALJ hearings and ALJ decision were conducted and issued prior to the July 16, 2018 ratification date. See ECF No. 12 at 54-57, 58-87 (ALJ Hearings were held on March 13, 2017 and September 6, 2017), 7-21 (ALJ Hearing Decision was issued on November 22, 2017).

2

Commissioner noted that Plaintiff proposed a stay of the action pending the Supreme Court's decision, which the Commissioner did not oppose. Id.

On April 22, 2021, the Supreme Court issued its decision in Carr v. Saul, No. 19-1442, 593 U.S. ___, 2021 WL 1566608 (Apr. 22, 2021) (decided together with Davis v. Saul, No. 20-105). The Court noted that "[l]ike the SEC ALJs at issue in Lucia, SSA ALJs had been selected by lower level staff rather than appointed by the head of the agency." Id. at *3. In the cases underlying Carr, as in this case, "[t]he Commissioner did not dispute that the ALJs who decided petitioners' cases were unconstitutionally appointed, but contended instead that petitioners had forfeited their Appointments Clause challenges by failing to raise them before the agency." Id.; see also id. at *7. The Supreme Court rejected the Commissioner's argument, and held that no issue-exhaustion requirement should be imposed on petitioners' Appointments Clause claims. Id. at *7. The Court explained that "[t]aken together, the inquisitorial features of SSA ALJ proceedings, the constitutional character of petitioners' claims, and the unavailability of any remedy make clear that adversarial development of the Appointments Clause issue simply did not exist (and could not exist) in petitioners' ALJ proceedings." Id. (quotation marks and alteration omitted). Thus, "[w]here, as here, claimants are not required to exhaust certain issues in administrative proceedings to preserve them for judicial review, claimants who raise those issues for the first time in federal court are not untimely in doing so." Id. Accordingly, in light of Carr, even though she only first raised this issue before this Court, Plaintiff has properly and timely objected to the proceedings conducted by the SSA ALJ in this matter on the ground that the ALJ was not properly appointed pursuant to the U.S. Constitution at the time of the hearing and decision.

While the Carr Court did not address the question of what should happen to any of the underlying matters upon remand to the SSA, the Lucia Court provided a specific remedy regarding the ALJ who should be assigned to hear a case returned to the agency based on an Appointments Clause challenge. In Lucia, the Court concluded not only that the "appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official," but also that the remanded case must be heard by an ALJ other than the one who originally presided over the matter, "even if he has by now received (or receives sometime in the future) a constitutional appointment." Lucia, 138 S. Ct. at 2055 (quotation marks omitted). Because the prior ALJ had "already both heard Lucia's case and issued an initial decision on the merits . . . [h]e cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled." Id.

While a number of factors make the ALJ adjudication process considerably different at the SSA than at the SEC,[3] this principle remains the same: the ALJ who previously heard and decided Plaintiff's case and issued an initial decision on the merits cannot be expected to consider the matter as though it had not been adjudicated before, and the matter therefore should be assigned to a different properly appointed ALJ for review upon remand. Other courts in this District have followed Lucia and ordered remand for a hearing before a new, properly appointed ALJ. See, e.g., Croston v. Saul, 19 Civ. 6151 (GBD) (JLC), 2020 WL 7756214, at *7 (S.D.N.Y. Dec. 30, 2020), adopted sub nom. Croston v. Comm'r of Soc. Sec., 2021 WL 1172618 (S.D.N.Y.

---

[3] For example, at the time of the Lucia decision, the SEC had five ALJs. Lucia, 138 S. Ct. at 2049. By contrast, the SSA "employ[s] more ALJs than all other Federal agencies combined, and [SSA] ALJs issue hundreds of thousands of decisions each year," 84 Fed. Reg. 9583. Moreover, unlike the SEC example, there is no "Commission" at the SSA that could step in to adjudicate a case remanded for further proceedings.

Mar. 29, 2021); Velez v. Saul, 19 Civ. 7291 (LJL) (JLC), 2020 WL 7638246, at *7 (S.D.N.Y. Dec. 23, 2020), adopted by 2021 WL 135700 (S.D.N.Y. Jan. 14, 2021); Montes v. Saul, 19 Civ. 3039 (DF), 2020 WL 6875301, at *12 (S.D.N.Y. Nov. 23, 2020); San Filippo v. Berryhill, 18 Civ. 10156 (VSB) (KNF), 2020 WL 62039, at *3 (S.D.N.Y. Jan. 3, 2020), adopted sub nom. Filippo v. Saul, 483 F. Supp. 3d 213 (S.D.N.Y. 2020).

Because Carr dictates that this case be remanded to the SSA for further proceedings based on Plaintiff's Appointments Clause challenge, Plaintiff's argument that the ALJ failed to properly weigh the medical opinion evidence, see ECF No. 20 at 5-12, and the Commissioner's argument that the ALJ's residual functional capacity finding is legally correct and supported by substantial evidence, see ECF No. 22 at 13-19, need not be addressed at this time. Nothing herein is intended to foreclose the parties from reasserting any of those arguments at a later juncture, if, upon remand, Plaintiff is again denied benefits on similar grounds.

For all of these reasons, it is hereby ordered: (i) that Plaintiff's motion for judgment on the pleadings, ECF No. 19, be GRANTED IN PART as to the Appointments Clause challenge and that this case be REMANDED to the Commissioner for further proceedings before a properly appointed ALJ; (ii) that upon remand, this case be assigned to a different ALJ than the one who conducted the original hearing and issued the original agency decision; and (iii) that the Commissioner's cross-motion, ECF No. 21, be DENIED.

The Clerk of the Court is directed to enter judgment in Plaintiff's favor, directing remand.

Dated: April 29, 2021
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge