UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN HUBBARD,

                      Plaintiff,                      **DECISION AND ORDER**

     -against-                                   19-cv-282 (AEK)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

       On January 10, 2019, Plaintiff Susan Hubbard filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner"), which denied her application for disability insurance benefits under the Social Security Act (the "Act"). ECF No. 1. Currently before the Court is Plaintiff's motion seeking an award of attorney's fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 27. For the reasons set forth below, Plaintiff's motion for attorney's fees is DENIED.

## BACKGROUND

       Plaintiff filed her application for disability insurance benefits on February 10, 2015. Administrative Record ("AR") 88.[2] Following the denial of her claim by the Social Security Administration ("SSA") on June 4, 2015, Plaintiff requested a hearing before an administrative

---

[1] The parties originally consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith on May 9, 2019. ECF No. 11. The case was reassigned to the undersigned on October 15, 2020.

[2] Citations to "AR" refer to the certified copy of the administrative record filed by the Commissioner. ECF No. 12.

law judge ("ALJ").  AR 88-99, 112-13.  An administrative hearing was held on September 6, 2017; ALJ Sharda Singh issued a decision on November 22, 2017, finding that Plaintiff was not disabled within the meaning of the Act.  AR 7-17, 58-87.  Plaintiff subsequently filed a request for review of the ALJ's decision with the SSA's Appeals Council, which was denied on November 13, 2018.  AR 1-4.  That made the ALJ's decision the final determination of the Commissioner.

Plaintiff commenced this action on January 10, 2019.  ECF No. 1.  In her motion for judgment on the pleadings, Plaintiff argued, among other things, that her case should be remanded on the ground that ALJ Singh was not properly appointed in accordance with the Appointments Clause of the U.S. Constitution.  ECF No. 20 at 12-15.  The Appointments Clause challenge—which was raised by Plaintiff for the first time in federal court—was based on the Supreme Court's June 21, 2018 decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  In *Lucia*, the Supreme Court held that ALJs within the Securities and Exchange Commission ("SEC") had been unconstitutionally appointed because ALJs were "Officers of the United States," rather than simply employees of the federal government, and under the Appointments Clause, only the President, courts of law, or heads of departments may appoint such officers.  Art. II, § 2, cl. 2; *Lucia*, 138 S. Ct. at 2051-54.  The Commissioner's cross motion for judgment on the pleadings asserted that Plaintiff had waived any Appointments Clause challenge to the selection of SSA ALJs because she did not raise this objection when her case was pending before the SSA.  ECF No. 22 at 19-25.

On April 22, 2021, the Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021).  The *Carr* Court found that "[l]ike the SEC ALJs at issue in *Lucia*, SSA ALJs had been selected by lower level staff rather than appointed by the head of the agency." *Id.* at 1357.  In

the cases underlying *Carr*, as in this case, "[t]he Commissioner did not dispute that the ALJs who decided petitioners' cases were unconstitutionally appointed, but contended instead that petitioners had forfeited their Appointments Clause challenges by failing to raise them before the agency." *Id.* The Supreme Court rejected the Commissioner's argument, held that no issue-exhaustion requirement should be imposed on petitioners' Appointments Clause claims, and explained that "claimants who raise those issues for the first time in federal court are not untimely in doing so." *Id.* at 1362.

Accordingly, in light of *Carr*, this Court issued a decision granting Plaintiff's motion for judgment on the pleadings based on the Appointments Clause challenge and remanded the matter to the Commissioner for further proceedings before a properly appointed ALJ different from the one who conducted the original hearing and issued the original decision. ECF No. 25.

On July 28, 2021, Plaintiff filed a motion for attorney's fees pursuant to the EAJA, seeking $6,734.48 in attorney's fees and costs. ECF No. 27. The Commissioner filed her opposition on October 8, 2021. ECF No. 36.

## DISCUSSION

### A. The EAJA

"The EAJA provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Criscitello v. Kijakazi*, No. 21-1222-cv, 2022 WL 1510707, at *1 (2d Cir. May 13, 2022) (summary order) (quoting 28 U.S.C. § 2412(d)(1)(A)). Eligibility for an EAJA fee award in any civil action requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was

not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011). The Commissioner bears the burden of demonstrating that her litigation position was substantially justified. *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009).

In *Pierce v. Underwood*, 487 U.S. 552 (1988), the Supreme Court explained that the government's position can be considered "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Id*. at 565. "To make this showing, the Commissioner must demonstrate that [her] position had a 'reasonable basis both in law and fact.'" *Ericksson*, 557 F.3d at 81-82 (quoting *Pierce*, 487 U.S. at 563). "The test is essentially one of reasonableness." *Fed. Election Comm'n v. Pol. Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993) (quotation marks omitted). Moreover, "a position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566 n.2. A court must look to "not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation." *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 787 (2d Cir. 1999). A court reviewing the "position of the United States" looks to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see Ericksson*, 557 F.3d at 82.

### B. Analysis

There is no dispute that Plaintiff was the prevailing party in this matter[3] and that the fee application was timely filed,[4] and the Commissioner has not argued that there are any special circumstances here that would make an EAJA award unjust. Thus, the only issue to be decided is whether the Commissioner's litigation position was substantially justified.

Plaintiff maintains that the Commissioner's position both at the agency level and before this Court was not substantially justified because "[t]he federal government has known that its ALJs were not constitutionally appointed since at least November 29, 2017, when it represented to the Supreme Court [in *Lucia*] that it believed none of the [SEC] ALJs had authority to decide cases." ECF No. 37 at 2. According to Plaintiff, the SSA "knew the ALJ was not constitutionally appointed and its position at that time was to do nothing," *id.*; with respect to the Commissioner's litigation position here, Plaintiff asserts that the Supreme Court's "unanimous decision"[5] in *Carr* necessarily shows that the Commissioner's position was not reasonable, *id.* at 4. Meanwhile, the Commissioner contends that her position before the agency was reasonable because the Commissioner was not obligated to take a position on the Appointments Clause issue

---

[3] Under the EAJA, a plaintiff receiving a remand to an administrative agency is considered to be the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).

[4] A party seeking an award of fees pursuant to the EAJA must submit the application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). For purposes of the EAJA, the 30-day window within which to file a fee petition begins to run after the expiration of the deadline for taking an appeal from the district court judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Here, the deadline to file an appeal was 60 days after the date the judgment was entered—*i.e.*, June 28, 2021, *see* Fed. R. App. P. 4(a)(1)(B)(ii)—and Plaintiff filed her motion for attorney's fees within the 30-day period that followed.

[5] While all nine justices concurred in the judgment in *Carr*, the decision was not fully unanimous—three justices joined three parts of the majority opinion while also concurring in the judgment, and one justice joined a different three parts of the opinion while also concurring in the judgment. *See Carr*, 141 S. Ct. at 1362-63.

at the administrative stage, and that her position before this Court was substantially justified because at the time the Commissioner filed her submissions here, the issue of whether a claimant forfeited her Appointments Clause challenge by failing to raise it at the administrative level "was clearly unsettled."  ECF No. 36 at 4-5.

"The fact that the government's position in the case was not accepted by the court . . . does not in and of itself dictate a finding, or even raise a presumption, that the government's position was not substantially justified."  *Jenny R. R. v. Comm'r of Soc. Sec.*, No. 18-cv-1451 (DEP), 2020 WL 4034839, at *3 (N.D.N.Y. July 17, 2020); *see Scarborough v. Principi*, 541 U.S. 401, 415 (2004) ("Congress did not . . . want the 'substantially justified' standard to be read to raise a presumption that the government position was not substantially justified simply because it lost the case." (cleaned up)); *Dewonkiee L. B. v. Comm'r of Soc. Sec.*, No. 19-cv-503 (DEP), 2021 WL 3417842, at *3 (N.D.N.Y. Aug. 5, 2021) (rejecting argument that just because plaintiff "ultimately prevailed," the government's position in the action was not substantially justified).

Plaintiff does not dispute that she never raised an Appointments Clause challenge before the ALJ or the Appeals Council, and the Court rejects Plaintiff's suggestion that the Commissioner was required to challenge the ALJ's appointment *sua sponte*.  See ECF No. 37 at 2-3.  Rather, given Plaintiff's failure to raise the issue, the Commissioner was not required to take a position on the issue during the agency proceedings.  *See Serrano v. Kijakazi*, No. 18-cv-11543 (GBD) (SLC), 2022 WL 2531117, at *5-7 (S.D.N.Y. Feb. 2, 2022) (report and recommendation) (citing *Lenz v. Saul*, No. 19-cv-489, 2021 WL 2515167 at *2-3 (W.D. Pa. June 18, 2021) and *Rich v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020)).  In addition, because the ALJ issued her decision on November 22, 2017, approximately seven

months before the Supreme Court's decision in *Lucia*, it would not be reasonable or appropriate to expect or require the Commissioner to have raised on her own in Plaintiff's administrative proceeding the constitutional interpretation of the Appointments Clause that ultimately was addressed in *Lucia* and *Carr*. Accordingly, because Plaintiff did not raise the Appointments Clause challenge at the agency level, and the Commissioner did not have an obligation to raise the issue *sua sponte*, the Court finds that the Commissioner's position at the agency level was substantially justified.

In the litigation before this Court, the Commissioner's position was that Plaintiff's failure to raise her Appointments Clause challenge at any time during the administrative proceedings before the SSA resulted in a waiver of the right to raise the issue in this action. ECF No. 22 at 19-25. At the time the Commissioner advanced this position—October 2019—neither the Supreme Court nor the Second Circuit had ruled on the question of whether an Appointments Clause challenge had to be raised before the ALJ to be preserved for federal court litigation. *See Montes v. Saul*, 502 F. Supp. 3d 832, 837-38 (S.D.N.Y. 2020). Indeed, some seven months prior to the Commissioner filing her cross motion in this matter, another Court in this District—rejecting the plaintiff's Appointments Clause challenge there—noted that "the vast majority of courts that have considered this issue following *Lucia* . . . have concluded that exhaustion before the ALJ is required." *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases). More than a year after the Commissioner filed her cross motion in this case, and while the parties' cross motions were still pending, another Court in this District observed that the "majority" of district courts "that have grappled with this issue have . . . been divided," but also noted that "a smaller but gradually growing number of district courts in and outside of this Circuit have concluded . . . that exhaustion of Appointments Clause challenges in this

particular administrative scheme is not required." *Montes*, 502 F. Supp. 3d at 838; *see also Jenny R. R.*, 2020 WL 4034839, at *4 (noting "distinct split of authority regarding the exhaustion issue"). While the Second Circuit did not address the issue prior to the Supreme Court's *Carr* decision, other Circuits were split on the exhaustion question while the cross motions in this case were pending. *Compare Carr v. Comm'r, SSA*, 961 F.3d 1267, 1275-76 (10th Cir. 2020) (holding exhaustion of Appointments Clause challenge required), *rev'd sub nom. Carr v. Saul*, 141 S. Ct. at 1357, and *Davis v. Saul*, 963 F.3d 790, 794-95 (8th Cir. 2020) (same), *rev'd sub nom. Carr v. Saul*, 141 S. Ct. at 1357, *with Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020) (holding exhaustion of Appointments Clause challenge not required) and *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 546-47 (6th Cir. 2020) (same)

Based on the "considerable flux" in the state of the law on whether an Appointments Clause challenge had to be raised at the agency level to be preserved for federal court review, the Court finds that the Commissioner's position in this action was "substantially justified" within the meaning of the EAJA. *See Nelson S. v. Saul*, No. 19-cv-1289 (SDV), 2021 WL 5768520, at *5 (D. Conn. Dec. 6, 2021). "The fact that multiple courts at both the circuit and district-court level agreed with the Commissioner's position on this issue supports that it had a reasonable basis in law and fact." *Garth D. v. Comm'r of Soc. Sec.*, --- F. Supp. 3d ---, 2022 WL 2589787, at *4 (W.D.N.Y. July 8, 2022).

\* \* \* \* \* \* \* \* \* \*

Various other courts in this Circuit have considered whether an award of EAJA fees was warranted in circumstances analogous to those presented here—where the plaintiff's case was remanded to the SSA based on an Appointments Clause challenge. Each of those courts concluded that the government's position regarding the Appointments Clause issue was

substantially justified, and rejected the plaintiff's application for EAJA fees.  *See Garth D.*, 2022 WL 2589787, at *4-5; *Nelson S.*, 2021 WL 5768520, at *4; *Dewonkiee L.B.*, 2021 WL 3417842, at *3; *Latoya A. ex rel. N.C. v. Kijakazi*, No. 19-cv-581 (DJS), 2022 WL 969650, at *2 (N.D.N.Y. Mar. 31, 2022); *Jacqueline S. v. Kijakazi*, No. 18-cv-1977 (RAR), 2022 WL 4289785, at *2 (D. Conn. Mar. 9, 2022); *Serrano*, 2022 WL 2531117, at *5-7.  This Court reaches the same conclusion.

## CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position regarding the Appointments Clause issue was substantially justified, even though that argument ultimately was rejected by the Court in the wake of the Supreme Court's *Carr* decision. Accordingly, Plaintiff's motion for attorney's fees pursuant to the EAJA is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.

Dated: October 19, 2022
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge